CROWN MOTOR CARRIAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3203. Decided October 19, 1926.

Petitioner sustained a loss during the year 1921, but failed to prove a net loss. *Held,* that it is not entitled to relief under the provisions of section 204(b) of the Revenue Act of 1921.

*Harry Kahan, C. P. A.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

The Commissioner asserts a deficiency in income tax for the year 1922 in the amount of $314.23. The sole question in controversy is whether the petitioner is entitled to deduct the amount of $2,947.66 from its income for the taxable year, as a net loss sustained in the operation of its business during the fractional part of the year 1921, under the provisions of section 204 of the Revenue Act of 1921. The appeal was submitted on the pleadings.

#### FINDINGS OF FACT.

The petitioner is a California corporation with its principal place of business at Los Angeles. In its income-tax return for 1922 it deducted the amount of $2,947.66 from its taxable income, as a net loss sustained in its business operations during a portion of the preceding taxable year, which was the calendar year ended December 31, 1921. Upon audit of such return the Commissioner disallowed the deduction of the alleged net loss, on the ground that the preceding taxable year was not a twelve-month period, and, in his answer

to the petition, admits that a loss was sustained during that part of the preceding calendar year between November 25, 1921, and December 31, 1921.

### OPINION.

LANSDON : To prevail in its contention in this proceeding the petitioner must prove that it sustained a net loss in its operations during the year preceding the taxable year. If it was in operation during only a part of such year, it must show that the factional year included all the time from its beginning in business as a corporation until the end of the taxable period. The Commissioner admits that the petitioner sustained a loss but denies all the other material allegations of the petition. The petitioner offered no proof of either of the conditions that must be satisfied to entitle it to relief under the provisions of section 204 of the Revenue Act of 1921, as we have heretofore interpreted that section in the *Appeal of Carroll Chain Co.*, 1 B. T. A. 38.

*Judgment will be entered for the Commissioner.*